IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FUENTES FERNANDEZ CONSULTING,<br><br>Plaintiff,<br><br>v.<br><br>MUNICIPALITY OF SAN JUAN, ET AL.<br><br>Defendants. | CIV. NO.: 12-1744 (JAG/SCC) |

**REPORT AND RECOMMENDATION**

This case presents a convoluted procedural history that involves two different actions, allegations of fraud, and an inquiry into *res judicata*. The presiding Judge referred two motions, Docket Nos. 113 and 114, to the undersigned for a report and recommendation on the impact, if any, that the voluntary dismissal, without prejudice, as to the Municipality of San Juan ("MSJ") in Civ. No. 11-1133 (ADC) has on this case. For the reasons set forth below, I recommend that the court

find that plaintiff's claims in this case are undisturbed by the voluntary dismissal entered in Civ. No. 11-1133.

**I. Procedural Background in Civ. No. 11-1133**

Back in February of 2011, FM-IP Holding and Housing Partner Solutions-US, Inc. sued Edward Mejía Espinal, ("Mejía"), the MSJ and EME Group Corporation ("EME"), for copyright infringement. Docket No. 1 of Civ. No. 11-1133 (ADC). On June 2, 2011, the plaintiffs filed a Notice of Voluntary Dismissal, whereby they dismissed <u>without prejudice</u> their claims against the MSJ.[1] Docket No. 39. The next day, the plaintiffs and defendants Mejía and EME filed a joint request to stay the case to allow them to continue their settlement negotiations. Docket No. 40. The Court granted the stay and set some deadlines for plaintiffs to inform the outcome of the negotiations. Docket No. 42. As to the Notice of Voluntary Dismissal, the Court found that it was moot pursuant to plaintiffs' subsequent request to stay the case. Docket No. 41.

---

**1.** Since the MSJ had not answered the complaint, the Notice of Dismissal was filed pursuant to Fed. R. Civ. P. 41(a)(1), which provides that the plaintiff may dismiss an action before the opposing party serves either an answer or a motion for summary judgment, simply by filing a notice of dismissal or a stipulation.

Shortly thereafter, plaintiffs filed an Informative Motion stating that, because the Notice of Dismissal was filed under Fed. R. Civ. P. 41(a)(1), the dismissal was automatic and did not require court approval. Docket No. 45. In accordance therewith, the court dismissed plaintiffs' claims against the MSJ <u>without prejudice</u> and partial judgment was entered. Docket No. 48.

It is at this point that the case begins to follow an unorthodox path. On October 17, 2011, plaintiffs and the MSJ filed a Joint Stipulation for Dismissal with Prejudice ("Joint Stipulation"). [2] Docket No. 62. In the stipulation, the parties agreed to the voluntary dismissal, <u>with prejudice</u>, of the claims against each other. The Court ordered the Clerk to enter judgment and the complaint was dismissed with prejudice as to all parties, including the MSJ. Docket No. 65.

**II. Procedural Background in Civ. No. 12-1744**

The plaintiff in this case is Fuentes-Fernández Consulting, LLC ("FFC")and defendants are the MSJ and its Executive

---

**2.** The Joint Stipulation stated that the parties "stipulate to the voluntary dismissal, with prejudice, of all claims each of them have against each other, prior to this date, regarding the facts set forth in the Complaint."Docket No. 62 at ¶ 2.

Housing Director, Héctor Tamayo-Mesada. Docket No. 1. By its own admission, FFC is the parent company of the plaintiffs in Civ. No. 11-1133. Plaintiff avers that Tamayo-Mesada misled and deceived some of its affiliates into signing the Joint Stipulation and moves the Court to vacate the Judgment in Civ. No. 11-1133, among other remedies. Docket No. 1.

The MSJ answered the complaint and raised as an affirmative defense the doctrines of res judicata, collateral estoppel and issue preclusion. Docket No. 15. On April 25, 2014, the MSJ and Tamayo-Mesada filed a Motion for Summary Judgment. Docket No. 48. The matter was referred to a Magistrate Judge, who recommended that the motion be denied. Docket 89. The presiding Judge adopted in full the R&R, and ordered the parties to submit supplemental briefs on the effect of the original case's voluntary dismissal on plaintiff's current claims. Docket No. 109.

### III. Our analysis

In their briefs, both plaintiff and defendants agree that the voluntary dismissal without prejudice as to the MSJ deprived the Court of jurisdiction to enter the subsequent judgment with

prejudice as to the same party.[3] The basis for their conclusion is the text of Fed. R. Civ. P. 41(a) and the key decisions interpreting it, which generally conclude that such dismissals operate *ipso facto*. See, e.g., *National R.R. Passenger Corp. v. International Ass'n of Machinists and Aerospace Workers*, 915 F.2d 43, 48 (1st Cir. 1990).

I agree that the Rule 41(a)(1) dismissal without prejudice divested the Court of jurisdiction to rule on the Joint Stipulation and enter judgment with prejudice as to the MSJ. See *Commercial Space Management Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1078 (9th Cir. 1999) (finding that it is "beyond debate that a dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it"); *Sandstrom v. ChemLawn Corp.*, 904 F.2d 83, 86 (1st Cir. 1990) (voluntary dismissal of an action under Rule 41(a) "wipes the

---

**3.** The plaintiff admits that it "did not notice the error in the First Case until the Honorable Court pointed it out in its Opinion and Order of April 7, 2016." Docket No. 114 at ¶ 11. This answers, in part, the questions posed by the Court in its Opinion and Order at Docket No. 109, whereby it inquired as to how the plaintiff "procured the dismissal with prejudice of its claims against a non-party."

slate clean, making any future lawsuit based on the same claim an entirely new lawsuit unrelated to the earlier (dismissed) action").

Therefore, insofar as the judgment with prejudice is void,[4] it has no effect on this case. *Smith v. Potter*, 513 F.3d 781, 782-83 (7th Cir. 2008). Likewise, the voluntary dismissal without prejudice has no impact on this case because the dismissal does not have *res judicata* effect.[5] The Court already recognized the lack of applicability of the doctrine when it adopted in full the R&R. In the R&R, the Magistrate Judge found that *res judicata* could not be raised because the claims in the original case (copyright infringement), were different from the claims in this case (breach of contract, and fraudulent inducement), and the

---

4. This determination has no bearing on the ultimate question of whether the Court should vacate the Judgment on Civ. No. 11-1133, as plaintiff so seeks. The Court may well conclude that the remedy sought is not supported by the applicable legal doctrines or that plaintiff had to move for relief from Judgment under Rule 60 rather than file a separate action.

5. The crux of *res judicata* is that "a final judgment on the merits precludes parties from relitigating claims that were or could have been brought in a prior action." *Universal Ins. Co. v. Office of Ins. Com's*, 755 F.3d 34, 37 (1st Cir. 2014)(citing *Haag v. United States*, 589 F.3d 43 (1st Cir. 2009).

| FUENTES FERNANDEZ v. SAN JUAN | Page 7 |
|---|---|

parties were also different.[6] Docket No. 89 at page 16. *Res judicata* requires "(i) the existence of a prior judgment on the merits that is final and unappealable; (ii) a perfect identity of thing or cause between both actions; and (iii) a perfect identity of the parties and the capacities in which they acted." *Id.* (citing *R.G. Fin. Corp. v. Vergara-Nuñez*, 446 F.3d 178, 183 (1st Cir. 2006)).[7]

Defendants, however, take the jurisdictional argument as a stepping-stone to contend that the action is barred. Because the voluntary dismissal without prejudice was entered on June 10, 2011, the argument goes, plaintiffs had one year from that

---

6. The fact that the plaintiffs in Civ. No. 11-1133 are subsidiaries of Fuentes Fernandez Consulting does not alter this conclusion. The First Circuit has repeatedly held that absent evidence that "the integrity of the corporate form has been violated" a court is not justified in "ignoring the otherwise separate character of the two corporations." *Rivera Sanchez v. Mars, Inc.*, 30 F.Supp.2d 187, 191 (D.P.R. 1998)(quoting *Taber Partners, I v. Merit Builders, Inc.*, 987 F.2d 57, 61 (1st Cir. 1993) and *de Walker v. Pueblo International, Inc.*, 569 F.2d 1169, 1173 (1st Cir. 1978).

7. In any case, even if the "perfect identity" requirement was present, a dismissal without prejudice, as opposed to an adjudication upon the merits, "is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001).

| FUENTES FERNANDEZ v. SAN JUAN | Page 8 |
|---|---|

date to refile their claims against the MSJ.[8] The case was filed on September 10, 2012, past the one-year mark, making it time-barred. Defendants' argument misfires because it presupposes that the claims all arise out of the original event that gave rise to the complaint in Civ. No. 11-1133.

The one-year statute of limitations prescribed by Puerto Rico law begins to run when the injured party knows or should have known of the injury and the likely identify of the tortfeasor,[9] the operative date is that in which plaintiff knew that the defendants had allegedly breached their contractual obligations and incurred in the other alleged violations. On this matter, defendants have not sufficiently pled that plaintiff became aware on a date prior to September 10, 2012, when the case was filed. Therefore, the statute of limitations argument is unavailing.

### IV. Conclusion

For the reasons discussed herein, I recommend that the Court find that the voluntary dismissal as to the Municipality of San Juan in Civ. No. 11-1133 has no effect on this action.

---

8. The applicable statute is Puerto Rico's one-year limitations for tort actions. See Article 1802 of the Civil Code, 31 P.R. Laws Ann. §5141.

9. *Colón Prieto v. Geigel*, 15 P.R. Offic. Trans. 313 (1984).

IT IS SO RECOMMENDED.

The parties have fourteen days to file any objections to this report and recommendation. Failure to file the same within the specified time waives the right to appeal this report and recommendation. *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150-51 (1st Cir. 1994); *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986).

In San Juan, Puerto Rico, this 30th day of August, 2016.

S/ SILVIA CARREÑO-COLL

UNITED STATES MAGISTRATE JUDGE